

MEG   6/24/99   14:21
3:99-CV-01315   ABEL AXE LLC V. BOUNCING BALL
*1*
*CMP.*

Cathy Bencivengo (Bar No. 138791)
GRAY CARY WARE & FREIDENRICH LLP
401 "B" Street, Suite 1700
San Diego, California 92101
Telephone: (619) 699-3616

R. Willis Orton (Pro Hac Vice Admission Pending)
Todd E. Zenger (Pro Hac Vice Admission Pending)
KIRTON & McCONKIE
1800 Eagle Gate Tower
60 East South Temple
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL AXE, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BOUNCING BALL, a Maine corporation; STRINGERS, INC., a Florida corporation; BUNJEEZ, INC., a Florida corporation; and DAVID JONES, an individual,<br><br>Defendants. | **COMPLAINT**<br><br>Civ. No. 99 CV 1315 (W) JFS |

ORIGINAL

Plaintiff Abel Axe, LLC, for its claims against the defendants, alleges and avers as follows:

Parties, Jurisdiction and Venue

1.    Abel Axe, LLC, is a Wyoming limited liability company, having its principal place of business in Evanston, Wyoming ("Abel" or "Plaintiff"), and, is maker, distributor and seller of the KETCH-IT® brand wrist toy.

2.    On information and belief, defendant Bouncing Ball is a Maine corporation with its principal place of business in North Anson, Maine, 04958, doing business with a mailing address of P.O. Box 520 ("Bouncing Ball"), and is the developer, creator, maker, distributor or seller, or actively participated or participates in or induced or induces the development, creation, manufacture, distribution or sale of the BOUNCIN' BALL brand wrist toy.

3.    On information and belief, defendant Bunjeez, Inc. has its principal place of business at 242 South Military Trail, Deerfield Beach, Florida, 33442 ("Bunjeez"), and is the developer, creator, maker, distributor or seller, or actively participated or participates in or induced or induces the development, creation, manufacture, distribution or sale of the BOUNCIN' BALL brand wrist toy and the BALLMERANG® brand wrist toy.

4.    On information and belief, defendant Stringers, Inc. is a Florida corporation and has its principal place of business at 420 South Park Road, Ste. 308, Hollywood, Florida, 33021 ("Stringers"), and is the developer, creator, maker, distributor or seller, or actively participated or participates in or induced or induces the development, creation, manufacture, distribution or sale of the BOUNCIN' BALL brand wrist toy and the BALLMERANG ® brand wrist toy.

5.    On information and belief, defendant David Jones, is an individual with a place of residence in North Anson, Maine ("Jones"), and is the developer, creator, maker, distributor or seller, or actively participated or participates in or induced or induces the development, creation, manufacture, distribution or sale of the BOUNCIN' BALL brand wrist toy and, on information and belief, the BALLMERANG ® brand wrist toy.

GRAY CARY WARE
& FREIDENRICH LLP

SD\1281988.1
104557-156102

6. Bouncing Ball, Stringer, Bunjeez and Jones are referred to collectively as "Defendants."

7. This Court has subject matter jurisdiction of Abel's claims for relief under 28 U.S.C. §§ 1331, 1338 and 1367. Venue is properly place in this Court under the provisions of 28 U.S.C. §§ 1391(b)(2) or 1400(b).

## Factual Background

8. Abel invented and developed a wrist toy several years ago.

9. In or about 1995, Abel began marketing the wrist toy as the KETCH-IT® brand wrist toy throughout the United States.

10. The KETCH-IT® trademark is a federally registered trademark., no. 2,101,199. A true and correct copy of the registration is attached as Exhibit A to this complaint and is incorporated herein by reference.

11. In or about 1995, Abel adopted, began using and has continuously used as a trademark slogan: "THE BALL THAT COMES BACK TO YOU."

12. Abel's slogan "THE BALL THAT COMES BACK TO YOU" has developed secondary meaning in the minds of the consuming public.

13. In or about 1995, Abel adopted, began using, and has continuously used distinctive product packaging and trade dress in connection with the KETCH-IT® brand wrist toy. A true and correct copy of the trade dress is attached as Exhibit B-1 to this complaint and is incorporated herein by reference.

14. In or about 1995, Abel authored, published and has continuously distributed copyrighted product packaging in connection with the KETCH-IT® brand wrist toy. In 1998, Abel registered its copyright in the product packaging, registration nos. 4-795-707 and 4-795-708. A true and correct copies of the copyright registrations are attached as Exhibit C to this complaint and are incorporated herein by reference.

15. The trademark, copyrighted materials and distinctive trade dress of the KETCH-IT® brand wrist toy are set forth on the product label use to market and sell the KETCH-IT® brand wrist toy.

16.     The product label and trade dress used to market the KETCH-IT® brand wrist toy includes arbitrary illustrations and depictions.

17.     The distinctive product packaging, trade dress, arbitrary illustrations and depiction used by Abel in marketing the KETCH-IT® brand wrist toy have developed secondary meaning in the minds of the consuming public.

18.     The KETCH-IT® brand wrist toy includes a webbed wrist strap, an elastic cord attached to the wrist strap at one end and attached to a ball at the other end. The ball is offered in a number of solid and combination colors, including a rainbow design, and in the form of basketballs and soccer balls and the like, bearing the licensed logo of professional sports teams.

19.     Abel's rainbow colored KETCH-IT® brand wrist toy has been Abel most popular and best selling wrist toy.

20.     The KETCH-IT® brand wrist toy is sold in a see-through pouch sealed at top with a folded, printed product label bearing copyrighted material, and distinctive trademarks and trade dress.

21.     Abel's folded product label is approximately 4" x  5 ½ ". The label is punched at the top center for hanging and display.

22.     On or after 1995, and prior to the introduction into the market of the BOUNCIN' BALL brand wrist toy and the BALLMERANG® brand wrist toy (collectively "Defendants' wrist toys"), Abel developed customers and contract distributors for the distribution and sale of the KETCH-IT® brand wrist toy throughout the United States in product packaging bearing copyrighted material, distinctive trademarks and trade dress.

23.     After Abel developed customers and contract distributors for the distribution and sale of the KETCH-IT® brand wrist toy throughout the United States in product packaging bearing copyrighted material, distinctive trademarks and trade dress, Defendants began purchasing and selling Abel's KETCH-IT® brand wrist toy at wholesale and/or retail level.

GRAY CARY WARE
& FREIDENRICH LLP

SD\1281988.1
104557-156102

24.     After Defendants began purchasing and selling the KETCH-IT® brand wrist toy, Defendants began and have continued to develop, create, make, distribute and/or sell, or have and/or do actively participate in or induce the development, creation, manufacture, distribution or sale of the BOUNCIN' BALL brand wrist toy and the BALLMERANG® brand wrist toy.

A true and correct copy of the defendants' product and packaging is attached as Exhibit B-2 to this complaint and is incorporated herein by this reference.

25.     After Abel, but like Abel, Defendants in or about 1998 copied, adopted, began using and have continuously used the identical trademark slogan: "THE BALL THAT COMES BACK TO YOU."

26.     After Abel, but like Abel, Defendants in or about 1998, adopted, began using, and have continuously used copied and/or confusingly similar product packing and trade dress.

27.     After Abel, but like Abel, Defendants in or about 1998, published and have continuously distributed infringing copies of Abel's copyrighted product packaging and trade dress.

28.     After Abel, but like Abel, Defendants in or about 1998, have used and continue to use a confusingly similar trademark, substantially similar copyrighted materials and confusingly similar trade dress on Defendants' product label to market and sell Defendants' knock off wrist toys.

29.     After Abel, but like Abel, Defendants in or about 1998, have and used and continue to use a product label and trade dress to market Defendants' wrist toy with confusingly similar arbitrary illustrations and depictions.

30.     After Abel, but like Abel, Defendants' wrist toys are nearly identical including a webbed wrist strap, an elastic cord attached to the wrist strap at one end and attached to a ball at the other end.  The ball is offered in a number of solid colors, combination colors and in the form of a basketball, soccer ball and the like.

/////

31.    After Abel, but like Abel, Defendants in or about 1998, have sold and continue to sell Defendants' knock off wrist toys in an identical see-through pouch sealed at top with a folded, printed product label bearing substantially similar copyrighted material, and confusingly similar trademarks and trade dress.

32.    After Abel, but like Abel, Defendants in or about 1998, have used and continue to use a folded product label approximately 4" x 5 ½ ". The label is punched at the top center for hanging and display.

33.    After Abel, but like Abel, Defendants in or about 1998, having knowledge of Abel's customers and contract distributors, sought out and unfairly marketed Defendants' knock off wrist toys in knock off product packaging bearing substantially similar copyrighted materials, and confusingly similar trademarks and trade dress to Abel's same customers and/or distributors

## I.    FIRST CLAIM FOR RELIEF (LANHAM ACT VIOLATIONS, 15 U.S.C. § 1125)

34.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 above.

35.    Defendants' distribution and sale in commerce of Defendants' knock off wrist toys in knock off product packaging employ false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact in violation of the Lanham Act, 15 U.S.C. § 1125.

36.    Defendants' distribution and sale in commerce of Defendants' knock off wrist toys in knock off product packaging is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Abel as to the origin, sponsorship, or approval of Defendants' wrist toy in violation of the Lanham Act, 15 U.S.C. § 1125.

37.    Defendants' distribution and sale in commerce of Defendants' knock off wrist toys in knock off product packaging misrepresents the nature and/or quality of Defendants' wrist toys in violation of the Lanham Act, 15 U.S.C. § 1125.

1  38.   Defendants' violations of the Lanham Act have caused Abel damages of

2  approximately $200,000 to $300,000.

3  39.   Defendants' violations of the Lanham Act have been and continue to be

4  knowing and willful.

5  40.   Without appropriate immediate and permanent injunctive relief and/or

6  seizure, Abel will continue to be irreparably harmed and damaged by Defendants'

7  continued knowing and willful unauthorized reproduction, distribution, and publication of

8  Defendants' wrist toy and product packing.  15 U.S.C.§ 1116.

9  ## II.    SECOND CLAIM FOR RELIEF (COPYRIGHT INFRINGEMENT)

10  41.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

11  through 40 above.

12  42.   Defendants' have distributed and sold their Defendant's wrist toys in

13  product packaging that infringes Abel's copyrighted subject matter in violation of the

14  Copyright Law, 15 U.S.C. § 106.

15  43.   Defendants' violations of the Copyright Law have caused Abel damages of

16  approximately $200,000 to $300,000.

17  44.   Defendants' violations of the Copyright Law have been and continue to be

18  knowing and willful.

19  45.   Without appropriate immediate and permanent injunctive relief and/or

20  seizure, Abel will continue to be irreparably harmed and damaged by Defendants'

21  continued knowing and willful unauthorized reproduction, distribution, and publication of

22  Defendants' wrist toy and product packing.  17 U.S.C. § 502.

23  ## III.   THIRD CLAIM FOR RELIEF (UNFAIR COMPETITION -- TRADE DRESS

24  ## INFRINGEMENT)

25  46.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

26  through 45 above.

27  47.   Defendants' adoption and use of confusingly similar trade dress violates the

28  trade dress rights of Abel under common law.

48.     Defendants' unauthorized appropriation of Abel's distinctive trade dress has caused Abel damages of approximately $200,000 to $300,000.

49.     Without appropriate immediate and permanent injunctive relief and/or seizure, Abel will continue to be irreparably harmed and damaged by Defendants' continued knowing and willful unauthorized appropriation of Abel's distinctive trade dress.

## IV.     FOURTH CLAIM FOR RELIEF (UNFAIR COMPETITION -- INTERFERENCE WITH CONTRACTUAL RELATIONS)

50.     Plaintiff incorporates by reference the allegations contained in paragraph 1 through 49 above.

51.     Defendants' adoption and sale of knock off products using confusingly similar product packaging has unfairly interfered and continues to unfairly interfere with Abel's existing contractual relations under common law.

52.     Defendants' interference with contractual relations has caused Abel damages of approximately $200,000 to $300,000.

53.     Defendants' interference with contractual relations has been and continues to be knowing and willful.

54.     Without appropriate immediate and permanent injunctive relief and/or seizure, Abel will continue to be irreparably harmed and damaged by Defendants' continued knowing and willful interference with contractual relations.

## V.     FIFTH CLAIM FOR RELIEF (UNFAIR COMPETITION -- INTERFERENCE WITH POTENTIAL ECONOMIC RELATIONS)

55.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54 above.

56.     Defendants' adoption and sale of knock off products using confusingly similar product packaging has interfered with Abel's potential and prospective economic relations under common law.

/////

57. Defendants' interference with potential and prospective economic relations has caused and will cause Abel damages of an amount not yet known.

58. Defendants' interference with potential and prospective economic relations has been and continues to be knowing and willful.

59. Without appropriate immediate and permanent injunctive relief and/or seizure, Abel will continue to be irreparably harmed and damaged by Defendants' continued knowing and willful interference with potential and prospective economic relations.

## PRAYER FOR RELIEF

WHEREFORE, Abel requests the Court to find, conclude and order:

a. Abel is the owner of proprietary trademark(s), copyrighted materials and distinctive trade dress in the product packaging and promotions of Abel's KETCH-IT® brand wrist toy;

b. Defendants have infringed and continue to infringe Abel's trademark, copyright and trade dress rights;

c. Defendants' infringement has been and will continue to be willful;

d. Defendants have interfered and continue to interfere with Abel's existing contractual relations and with Abel's potential and prospective economic relations;

e. Abel has been and continues to be damaged and irreparably harmed by Defendants' infringement, interference and induce of contract;

f. Abel is awarded at least $200,000 to $300,00 for the damages and additional amounts proven at trial;

g. Abel is awarded increased damages for willful infringement;

h. Abel is awarded punitive damages for willful interference;

i. An injunction against all liable Defendants, enjoining them from continuing to reproduce, distribute, publish or otherwise use infringing, confusingly

/////

similar or misleading product packaging and promotional materials without authorization from and compensation to Abel; and

> j.      Abel is awarded all other relief, costs, fees and/or attorneys fees as the Court deems proper.

Dated: June 23 , 1999

GRAY CARY WARE & FREIDENRICH LLP

By _____
CATHY ANN BENCIVENGO
Attorneys for ABEL AXE, LLC

**JURY DEMAND**

Abel demands a trial by jury pursuant to the provisions of Rule 38, Fed. R. Civ. P.

Dated:  June __/ (__ , 1999

GRAY CARY WARE & FREIDENRICH ʟʟᴘ

By_____
        CATHY ANN BENCIVENGO
        Attorneys for Plaintiff
        ABEL AXE, ʟʟᴄ

GRAY CARY WARE
& FREIDENRICH ʟʟᴘ

SD\1281988.1
104557-156102

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

Reg. No. 2,101,199

**United States Patent and Trademark Office**   Registered Sep. 30, 1997

# TRADEMARK
## PRINCIPAL REGISTER



ABEL AXE, L.L.C. (WYOMING LIMITED LI-
ABILITY COMPANY)
RIVERSIDE INDUSTRIAL PARK, BUILDING
#5
RIVERSIDE DRIVE
EVANSTON, WY 82931

FOR: THROW-AND-CATCH HAND TOY
FEATURING A BALL ATTACHED TO AN
ELASTIC STRING, IN CLASS 28 (U.S. CLS. 22,
23, 38 AND 50).
FIRST USE 6-15-1996; IN COMMERCE
6-15-1996.
THE LINING IS A FEATURE OF THE MARK
AND NOT INTENDED TO INDICATE COLOR.

SER. NO. 75-141,003, FILED 7-25-1996.

LALITHA MANI, EXAMINING ATTORNEY





EXHIBIT B-1





EXHIBIT B 2

# CERTIFICATE OF REGISTRATION



UNITED STATES COPYRIGHT OFFICE

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*

## FORM TX
For Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION

TX 4-795-707

EFFECTIVE DATE OF REGISTRATION

12 · 22 · 98

Month    Day    Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

---

**1**

**TITLE OF THIS WORK ▼**

Ketch-It Header Card

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give   Volume ▼      Number ▼        Issue Date ▼            On Pages ▼

---

**2**

**a**

**NAME OF AUTHOR ▼**

Abel Axe, L.L.C.

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶_____
Domiciled in▶ U.S.A.

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?      ☐ Yes ☒ No
Pseudonymous?   ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Entire work

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

**NAME OF AUTHOR ▼**

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶_____
Domiciled in▶_____

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?      ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

**NAME OF AUTHOR ▼**

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶_____
Domiciled in▶_____

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?      ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1996  ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ May   Day▶ 1   Year▶ 1996
U.S.A.   ◀ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2.▼

Abel Axe, L.L.C.
P.O. Box 895
Evanston, Wyoming  82931

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED**
DEC 22 1998
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
DEC 22 1998
**FUNDS RECEIVED**

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.        • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _2_ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
☐ Yes

FORM TX

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**

**a** Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**b** Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**a** Name ▼          Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.    Name/Address/Apt/City/State/ZIP ▼

**b** Berne S. Broadbent
Kirton & McConkie, 60 East South Temple #1800
Salt Lake City, Utah  84111

Area code and daytime telephone number ▶
Email ▶ bbroadbe@kmclaw.com          Fax number ▶     (801) 321-4893

**7**

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of __Abel Axe, L.L.C.__
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

__Berne S. Broadbent__                                    Date▶ __12/18/98__

Handwritten signature (X) ▼

X _____

**8**

**The filing fee of $20.00 is effective through December 31, 1998. After that date, please write the Copyright Office, check the Copyright Office Website at http://www.loc.gov/copyright, or call (202) 707-3000 for the latest fee information.**

Mail
certificate
to:

Name ▼
Berne S. Broadbent
Number/Street/Apt ▼
Kirton & McConkie
60 East South Temple #1800
City/State/ZIP ▼
Salt Lake City, Utah  84111

Certificate
will be
mailed in
window
envelope

YOU MUST
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1. Application form
2. Nonrefundable filing fee in check or money order
   payable to Register of Copyrights
3. Deposit material
MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**9**

# CERTIFICATE OF REGISTRATION



**OFFICIAL SEAL**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.



REGISTER OF COPYRIGHTS
*United States of America*

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE
REGI



TX 4-795-708

**EFFECTIVE DATE OF REGISTRATION**

12 · 22 · 98

Month | Day | Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼

Ketch-It Header Card (1998 Version)

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ | Number ▼ | Issue Date ▼ | On Pages ▼

**2**

**a** NAME OF AUTHOR ▼

Abel Axe, L.L.C.

DATES OF BIRTH AND DEATH
Year Born ▼ | Year Died ▼

Was this contribution to the work a "work made for hire"?
X Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in▶ U.S.A.

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes X No
Pseudonymous? ☐ Yes X No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

Entire work

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ | Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ | Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given ◀ Year in all cases.

1998

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published.

Month ▶ Feb Day ▶ 1 Year ▶ 1998
U.S.A. ◀ Nation

**4**

See instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2.▼

Abel Axe, L.L.C.
P.O. Box 895
Evanston, Wyoming 82931

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
DEC 22 1998
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 1998

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of 2 pages

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: *Previous Registration Number* ▼          *Year of Registration* ▼

**5**

**DERIVATIVE WORK OR COMPILATION**

**a**  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

Prior version of this work

**b**  Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

New illustrations, additional text, editorial revisions

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**a**  Name ▼          Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

**b**
Berne S. Broadbent
Kirton & McConkie, 60 East South Temple #1800
Salt Lake City, Utah 84111

Area code and daytime telephone number ▶          Fax number ▶

Email ▶ bbroadbe@kmclaw.com          (801)321-4893

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of __Abel Axe, L.L.C.__

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Berne S. Broadbent          Date▶ 12/18/98

☞  Handwritten signature (X) ▼

X _____

**The filing fee of $20.00 is effective through December 31, 1998.** After that date, please write the Copyright Office, check the Copyright Office Website at http://www.loc.gov/copyright, or call (202) 707-3000 for the latest fee information.

Mail
certificate
to:

Name ▼
Berne S. Broadbent

Certificate
will be
mailed in
window
envelope

Number/Street/Apt ▼
Kirton & McConkie
60 East South Temple #1800

City/State/ZIP ▼
Salt Lake City, Utah 84111

**YOU MUST**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE**
1. Application form
2. Nonrefundable filing fee in check or money order
   payable to *Register of Copyrights*
3. Deposit material

**MAIL TO**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**9**

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

September 1997—300,000  ⊕ PRINTED ON RECYCLED PAPER          ☆U.S. GOVERNMENT PRINTING OFFICE: 1997-417/750-60,022

AO 121 (6/90)

| TO: Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION OR APPEAL<br>REGARDING A COPYRIGHT |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION | ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|---|
| DOCKET NO.<br>1 | DATE FILED<br>6/23/99 | United States District Court, Southern District of California<br>880 Front Street, Room 4290<br>San Diego, CA 92101-8900 |
| PLAINTIFF<br>Abel Axe LLC | | DEFENDANT<br>Bouncing Ball et al. |

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 TX 4 795 707 | KETCH IT HEADER CARD | Abel Axe, LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |
|---|---|

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Register of Copyrights  Copy 2 - Upon filing of document adding copyrights, mail this copy to Registrer of Copyrights

Copy 3 - Upon termination of action, mail this copy to Registrer of Copyrights  Copy 4 - In the event of appeal, forward this copy to the Appellate Court so they can prepare a new AO 279 for the appeal

Copy 5 - Case file copy

| TO: Register of Copyrights Copyright Office Library of Congress Washington, D.C. 20559 | REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION | ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|---|
| DOCKET NO. 1 | DATE FILED 6/23/99 | United States District Court, Southern District of California 880 Front Street, Room 4290 San Diego, CA 92101-8900 |
| PLAINTIFF Abel Axe LLC | | DEFENDANT Bouncing Ball et al. |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 TX 4 795 707 | KETCH IT HEADER CARD | Abel Axe, LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY ☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading |
|---|---|

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED ☐ Order ☐ Judgment | WRITTEN OPINION ATTACHED ☐ Yes ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Register of Copyrights. Copy 2 - Upon filing of document adding copyrights, mail this copy to Register of Copyrights

Copy 3 - Upon termination of action, mail this copy to Register of Copyrights Copy 4 - In the event of appeal, forward this copy to the Appellate Court so they can prepare a new AO 279 for the appeal

Copy 5 - Case file copy

AO 121 (6/90)

| TO:<br><br>Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION OR APPEAL<br>REGARDING A COPYRIGHT |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION | ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|---|
| DOCKET NO.<br>l | DATE FILED<br>6/23/99 | United States District Court, Southern District of California<br>880 Front Street, Room 4290<br>San Diego, CA 92101-8900 |
| PLAINTIFF<br>Abel Axe LLC | | DEFENDANT<br>Bouncing Ball et al. |

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 TX 4 795 707 | KETCH IT HEADER CARD | Abel Axe. LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading |
|---|---|

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| l | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Register of Copyrights Copy 2 - Upon filing of document adding copyrights, mail this copy to Register of Copyrights

Copy 3 - Upon termination of action, mail this copy to Register of Copyrights Copy 4 - In the event of appeal, forward this copy to the Appellate Court so they can prepare a new AO 279 for the appeal

Copy 5 - Case file copy

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>1 | DATE FILED<br>6/23/99 | U.S. DISTRICT COURT<br>    United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Abel Axe LLC | | DEFENDANT<br><br>Bouncing Ball et al. |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 2,101,199 | 9/30/97 | Abel Axe LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
|---|---|---|---|
| PATENT NO. | DATE OF PATENT | PATENTEE | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>1 | DATE FILED<br>6/23/99 | U.S. DISTRICT COURT<br><br>   United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Abel Axe LLC | | DEFENDANT<br><br>Bouncing Ball et al. |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 2,101,199 | 9/30/97 | Abel Axe LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
|---|---|---|
| **PATENT NO.** | **DATE OF PATENT** | **PATENTEE** |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT | | |
|---|---|---|
| | | |
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Commissioner    Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner    Copy 4 - Case file copy

| TO<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>1 | DATE FILED<br>6/23/99 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Abel Axe LLC | | DEFENDANT<br><br>Bouncing Ball et al. |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 2,101,199 | 9/30/97 | Abel Axe LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |
|---|---|

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
ABEL AXE, LLC, a Wyoming limited
liability company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **UINTA, WY**
EXCEPT IN U.S. PLAINTIFF CASES

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
CATHY ANN BENCIVENGO (138791)
GRAY CARY WARE & FREIDENRICH
401 B STREET, SUITE 1700
SAN DIEGO, CA 92101  (619) 699-3616

## DEFENDANTS
BOUNCING BALL, a Maine corporation,
STRINGERS, INC., a Florida
corporation, BUNJEEZ, INC., a Florida

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
JUN 23 PM 5:03

ATTORNEYS (IF KNOWN)

'99 CV 1315 TW JFS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
(For Diversity Cases Only) FOR PLAINTIFF AND ONE FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Lanham Act (15 U.S.C. Sect. 1125); Copyright (17 U.S.C. Sect. 106)

## VII. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Act
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment Of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

### TORTS
**PERSONAL INJURY**
- [ ] 362 Personal Injury-Med Malpractice
- [ ] 365 Personal Injury-Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence Habeas Corpus
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [X] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

## VIII(a). IDENTICAL CASES:
Has this action been previously filed and dismissed, remanded or closed? **X** No ___ Yes

If yes, list case number(s). ___

CV71 (3/97)   CIVIL COVER SHEET - Continued on Reverse   Page 1 of 2
CCD-JS44

ORIGINAL

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ___X___ No _____ Yes

If yes, list case number(s):

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

(CHECK ALL BOXES    [ ] A. Appear to arise from the same or substantially identical transactions, happenings, or events.
THAT APPLY)      [ ] B. Involve the same or substantially the same parties or property.
         [ ] C. Involve the same patent, trademark or copyright;
         [ ] D. Call for determination of the same or substantially identical questions of law, or
         [ ] E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides. (Use an additional sheet if necessary)

[ ] CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

Plaintiff is a Wyoming corporation with its principal place of business in
Evanston, WY

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary)

[ ] CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

Bouncing Ball - Maine Corp.; Bunjez - Florida Corp.; Stringers, Inc. -
Florida Corp.; David Jones - Maine resident.

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary).

**NOTE:** In land condemnation cases, use the location of the tract of land involved.

PLEASE SEE ATTACHMENT

X. SIGNATURE OF ATTORNEY (OR PRO PER): **X** [signature]    **Date** 06/23/99

**NOTICE TO COUNSEL/PARTIES:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3.3 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended, plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

IX.    Venue

County, or State, if other than California in which EACH claim arose.

| County | Claims |
|--------|--------|
| San Diego | Lanham Act Violations |
| San Diego | Copyright Infringement |
| San Diego | Unfair Competition/Trade Dress Infringement |
| San Diego | Unfair Competition/ Interference with Contract |
| San Diego | Unfair Competition -Interference with Potential Economic Relations |